**Dan THOMAS, Appellant,**

v.

**J.W. ALLEN and T. Ontiveros, Appellees.**

No. C14–91–00993–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1992.

Rehearing Denied Feb. 27, 1992.

Dan Thomas, Tennessee Colony, for appellant.

J.W. Allen, Tennessee Colony, pro se.

T. Ontiveros, Tennessee Colony, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the dismissal of appellant's pro se *in forma pauperis* action for want of jurisdiction. We reverse and remand.

Appellant, an inmate in the Institutional Division of the Texas Department of Criminal Justice, brought this action against J.W. Allen and T. Ontiveros, correctional officers. Appellant is attempting to recover for injuries he allegedly sustained when appellants shackled him and dragged him to a transport van for transfer to a different unit. He seeks relief under 42 U.S.C. § 1983 and TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). The trial court dismissed the action for want of jurisdiction under § 1983.

In two points of error, appellant contends the trial court abused its discretion in dismissing the action because (1) the trial court does have jurisdiction to hear claims brought pursuant to § 1983, and (2) he raised alternative state law claims over which the trial court has jurisdiction.

State courts have jurisdiction to hear civil rights suits based on § 1983. *Maine v. Thiboutot*, 448 U.S. 1, 3 n. 1, 100 S.Ct. 2502, 2503 n. 1, 65 L.Ed.2d 555 (1980), but the United States Supreme Court has never held that state courts are required to hear § 1983 claims. *Martinez v. California*, 444 U.S. 277, 283–84 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1980). The trial court did not abuse its discretion in declining to assume jurisdiction of the § 1983. We overrule appellant's first point of error.

Appellant also seeks damages under the Texas Tort Claims Act. Because the trial court has jurisdiction to hear the state claim, it abused its discretion in dismissing that part of appellant's cause of action. We sustain appellant's second point of error.

Accordingly, we reverse the trial court's judgment only as to appellant's state claim, and remand the state claim to the trial court for further proceedings.