Dan THOMAS, Petitioner,

v.

J.W. ALLEN and T. Ontiveros, Respondents.

No. D–2299.

Supreme Court of Texas.

Sept. 23, 1992.

---

Dan Thomas, pro se.

Dan Morales, David C. Payne, Austin, for respondents.

PER CURIAM

Dan Thomas, an inmate in the Texas Department of Corrections, sued two prison guards for using excessive force while transporting him between correctional facilities. He asserts causes of action based upon state law and upon 42 U.S.C. § 1983 (1981).[1] The district court dismissed Thomas' entire suit for want of jurisdiction.[2] The court of appeals reversed the dismissal of Thomas' state law claim and remanded it for further proceedings, but held that the trial court "did not abuse its discretion in declining to assume jurisdiction of the § 1983" claim. 822 S.W.2d 816, 817. The court explained: "State courts have jurisdiction to hear civil rights suits based on § 1983, *Maine v. Thiboutot*, 448 U.S. 1, 3 n. 1, 100 S.Ct. 2502, 2503 n. 1, 65 L.Ed.2d 555 (1980), but the United States Supreme Court has never held that state courts are required to hear § 1983 claims. *Martinez v. California*, 444 U.S. 277, 283–84 n. 7, 100 S.Ct. 553, 558–59 n. 7, 62 L.Ed.2d 481 (1980). *Id.*

Although the latter statement was true in 1980 when *Martinez* was decided, it is no longer so. In *Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the Court held that a state court could not refuse to entertain a section 1983 claim on the ground that it was barred by the defense of sovereign immunity. In a unanimous opinion, the Court stated: "A state court may not deny a federal right, when the parties and controversy are properly before it, in the absence of a 'valid excuse.'" *Id.* at 356, 110 S.Ct. at 2432; *see also Testa v. Katt*, 330 U.S. 386, 392, 67 S.Ct. 810, 814, 91 L.Ed. 967 (1947); *Martinez v. California*, 444 U.S. 277, 283–84 n. 7, 100 S.Ct. 553, 558–59 n. 7, 62 L.Ed.2d 481 (1980) ("We note that where the same type of claim, if arising under state law, would be enforced in the state courts, the state courts are generally not free to refuse enforcement of the federal claim"). The Court in *Howlett* further observed: "[o]n only three occasions have we found a valid excuse for a state court's refusal to entertain a federal cause of action. Each of [those occasions] involved a neutral rule of judicial administration." 496 U.S. at 374, 110 S.Ct. at 2442, citing *Douglas v. New York, N.H. & H.R. Co.*, 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747 (1929) (state court's dismissal of both federal and state claims permitted where neither party resided in forum state); *Herb v. Pitcairn*, 324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789 (1945) (state court's dismissal of FELA action because it arose outside court's territorial jurisdiction did not discriminate against federal claim); *Missouri ex rel. Southern R. Co. v. Mayfield*, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950) (state court could dismiss FELA claim based upon *forum non conveniens* only if doctrine not applied so as to discriminate against FELA claims). None of those exceptions apply in this case, and there are no other neutral state interests in judicial administration that would warrant the district court's dismissal of Thomas' federal

---

1. Section 1983 states in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. Regarding Thomas' section 1983 claims, the district court stated only: "The Court has determined that the plaintiff brings suit pursuant to 42 U.S.C. Sec. 1983. Accordingly this Court is without jurisdiction. Therefore, this suit is dismissed."

cause of action. Thus, the court of appeals erred in affirming the dismissal of Thomas' section 1983 claims.

In *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987) (per curiam), we reviewed a trial court's dismissal of a prisoner's section 1983 claim for want of jurisdiction. We upheld the dismissal, but not on jurisdictional grounds. We held that plaintiff had not alleged more than merely negligent conduct, which is necessary for recovery under section 1983, *see Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and had failed to show the inadequacy of state remedies to redress his alleged loss, *see Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The basis for our decision in *Myers*—plaintiff's inability to show a meritorious claim—does not conflict with *Howlett*.

We express no opinion, of course, on whether Thomas is entitled to recover on his section 1983 claim. We hold only that the district court must entertain the claim. Accordingly, a majority of this Court grants Thomas' application for writ of error, reverses the judgment of the court of appeals as to his federal claim, affirms it as to his state claim, and remands the case to the district court for further proceedings. TEX.R.APP.P. 170.