IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00020-CV

 

Brazos County AND

Christopher C. Kirk, Sheriff,

Brazos County, Texas,

                                                                      Appellants

 v.

 

John Ray Tullous,

                                                                      Appellee

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court # 03-07-16727-CV

 



MEMORANDUM 
Opinion



 








      This
interlocutory appeal concerns a suit for false imprisonment and other state
claims and for the deprivation of civil rights under Section 1983.  See
42 U.S.C. § 1983 (2000).  Appellants
filed a plea to the jurisdiction.  The trial
court denied the plea.  We will affirm.

      Appellee
contends that we lack jurisdiction over Sheriff Kirk’s appeal.  The Texas Civil Practice and Remedies Code
provides, “A person may appeal from an interlocutory order of a district court
. . . that . . . grants or denies a plea to the
jurisdiction by a governmental unit . . . .”  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004).  Section
51.014 has been interpreted to permit interlocutory appeals by government officials,
including sheriffs.  Cornyn v. Fifty-Two Members of Schoppa Family, 70 S.W.3d 895, 898 (Tex. App.—Amarillo 2001, no pet.); Perry v. Del
 Rio, 53
S.W.3d 818, 822-24 (Tex. App.—Austin), pet.
dism’d, 66 S.W.3d 239 (Tex.
2001); see Nueces County v. Ferguson, 97 S.W.3d 205,
210 n.2 (Tex. App.—Corpus Christi 2002, no pet.).  We have
jurisdiction over Sheriff Kirk’s appeal.

      Appellants
argue that state sovereign immunity bars Appellee’s suit against them.  We will overrule Appellants’ issue.

      If a
trial court has jurisdiction over any part of a suit, then the court does not
err to deny a plea to the jurisdiction.  Aledo Indep. Sch. Dist. v. Choctaw Props., 17
S.W.3d 260, 262 (Tex. App.—Waco 2000, no pet.).

      Defenses
to a Section 1983 claim are governed by federal law, and state law immunity
defenses do not control.  Howlett v. Rose, 496 U.S. 356, 376 (1990); Thomas v. Allen, 837 S.W.2d 631, 632 (Tex. 1992). 
Under federal law, state political subdivisions are persons subject to
suit under Section 1983.  Howlett at 376; see Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 47 (1994); San
 Antonio Indep. Sch. Dist. v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996). 
State sovereign immunity thus does not bar Appellee’s Section 1983
claim.

      Appellants
also argue that Appellee failed to plead facts that established the trial
court’s jurisdiction over his Section 1983 claim.  See County of
Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002). 
Section 1983 provides for a cause of action for the deprivation of
constitutional rights “under color of any . . . custom[] or usage[]
of any State.”  42 U.S.C.
§ 1983.  Appellants argue that
Appellee failed to allege “a policy, practice or custom” that caused his
injuries (citing Monell v. Dep’t of
Social Servs., 436 U.S. 658 (1978)). 
Appellee’s petition alleged, “Defendants, in this case and historically
through course of conduct, have had an ulterior motive or purpose in exercising
. . . illegal, perverted, or improper use of . . .
process.”  Appellee thus alleges injury
under color of state custom.

      Accordingly,
the trial court had jurisdiction over Appellee’s Section 1983 claim.  The trial court did not err in denying the
plea to the jurisdiction.  We overrule
Appellants’ issue.  We affirm.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion
delivered and filed July 7, 2004

 

[CV06]