NUMBER 13-03-724-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

LUZELMA CAMPOS, BETTY JO
GONZALEZ, AND MISTY VALERO,                                   Appellants,

v.
 
NUECES COUNTY,                                                      Appellee.
                                                                                                                                      

On appeal from the 319th District Court of Nueces County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Rodriguez, Castillo and Garza 
Opinion by Justice Garza
 
          Luzelma Campos, Betty Jo Gonzalez, and Misty Valero challenge the grant of a plea
to the jurisdiction filed by Nueces County. Because we conclude that governmental
immunity does not bar suit under 42 U.S.C. § 1983 and that appellants have alleged a
cause of action for premises defects under the Texas Tort Claims Act, we reverse the trial
court’s order dismissing the case and remand for further proceedings consistent with this
opinion.
Background 
          This suit involves allegations of repeated acts of sexual harassment and sexual
assault occurring at the Nueces County Substance Abuse Treatment Facility (“SATF”). 
Appellants allege that while they were criminally incarcerated in the SATF, two guards,
Sergeant Anthony Allen and Corporal Cordell Hayes, sexually harassed and assaulted
them. Appellants sued for violations of their civil rights and also asserted claims under the
tort claims act, naming seven defendants, including the two guards, individually and in their
official capacities, and Nueces County.


 After granting a plea to the jurisdiction filed by
Nueces County, the trial court severed the claims against the county from the rest of the
case and dismissed them. Appellants now raise four issues on appeal. 
I.
          In their first issue, appellants contend that the trial court erroneously dismissed their
case because a plea to the jurisdiction is an improper vehicle for challenging defects in a
plaintiff’s pleadings. Appellants argue that the defects raised by appellee’s plea to the
jurisdiction amounted to no more than mere defects in pleadings and should have been
challenged by special exceptions because they do not implicate the court’s subject matter
jurisdiction. 
          Although we agree that defects in pleadings are properly challenged by special
exceptions, see Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000),
a plea to the jurisdiction remains a proper vehicle for challenging a court’s subject matter
jurisdiction over a claim, see Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). Furthermore, the Texas Supreme Court has specifically held that governmental
immunity can be raised by a plea to the jurisdiction because, if sustained, an assertion of
immunity would defeat the court’s jurisdiction. Harris County v. Sykes, 136 S.W.3d 635,
638 (Tex. 2004). But see id. at 642 (Brister, J., concurring) (“There would never have been
as much confusion if sovereign immunity had to be raised by summary judgment or special
exceptions.”). Appellee’s plea argued that there was no subject matter jurisdiction and that
appellee was protected by governmental immunity. We conclude that these objections to
suit were properly raised by appellee’s plea to the jurisdiction. Appellants’ first issue is
overruled.
II. 
          In their second, third, and fourth issues, appellants argue that the trial court erred
by granting appellee’s plea to the jurisdiction because their live petition alleges causes of
action against appellee under 42 U.S.C. § 1983 and the tort claims act and because the
evidence before the trial court supported the causes of action. In response, appellee
contends that dismissal was proper because appellants’ live petition failed to state a cause
of action. 
          Whether a court has subject matter jurisdiction is a legal question and is therefore
subject to de novo review. See State ex rel. State Dep’t of Highways & Pub. Transp. v.
Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). We must determine whether appellants have
alleged facts that affirmatively demonstrate the court’s jurisdiction to hear their case. Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). We construe the
pleadings liberally in favor of jurisdiction, looking to the pleader’s intent. See Peek v.
Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). A court deciding a plea to the
jurisdiction is not required to look solely to the pleadings but may consider evidence and
must do so when necessary to resolve the jurisdictional issues raised. Bland, 34 S.W.3d
at 555. When a plaintiff fails to plead facts that establish jurisdiction, but the petition does
not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency, and the plaintiff should be afforded the opportunity to amend. County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). In contrast, if the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiff an opportunity to amend. Id.
          Appellee’s plea to the jurisdiction challenged the court’s jurisdiction on two different
grounds: (1) no subject matter jurisdiction and (2) no waiver of immunity. We discuss
these grounds separately. A. Subject Matter Jurisdiction 
          Subject matter jurisdiction requires that the party bringing the suit have standing,
that there be a live controversy between the parties, and that the case be justiciable. State
Bar v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994). 
1. Standing
          In general, a plaintiff has standing to sue if the plaintiff has suffered an injury that
was caused by the defendant and is likely to be remedied by the relief requested. MET-Rx
USA, Inc. v. Shipman, 62 S.W.3d 807, 810 (Tex. App.—Waco 2001, pet. denied); see also
Brown v. Todd, 53 S.W.3d 297, 305 (Tex. 2001) (citing Tex. Workers’ Compensation
Comm’n v. Garcia, 893 S.W.2d 504, 516–17 (Tex. 1995)). We conclude that appellants
have standing because they have alleged injuries stemming from sexual harassment and
assault that occurred as a result of the “atmosphere of lawlessness” created by appellee
and the monetary relief requested by appellants is likely to remedy their injuries. 
2. Live Controversy 
          The live-controversy requirement prohibits courts from addressing the merits of
moot legal disputes, see FDIC v. Nueces County, 886 S.W.2d 766, 767 (Tex. 1994), the
resolution of which would lead to constitutionally-prohibited judicial advisory opinions, see
Speer v. Presbyterian Children’s Home, 847 S.W.2d 227, 229 (Tex. 1993). 
          This case does not present mootness concerns because the controversy in this
case is very much alive. Appellants have sued appellee on numerous causes of action
involving repeated incidents of sexual harassment and assault, including rape. Appellee
has maintained that it is not liable for the injuries stemming from these incidents. A judicial
resolution of this dispute would not amount to an advisory opinion because it would bind
the parties with a final answer to the question of liability. See Tex. Ass’n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993) (“The distinctive feature of an advisory
opinion is that it decides an abstract question of law without binding the parties.”). We
therefore conclude that the trial court’s order dismissing the claims against appellee cannot
be sustained on the ground that no live controversy exists between the parties.
3. Justiciable Controversy 
          Appellee also contends that the court lacks subject matter jurisdiction because there
is no justiciable controversy between the parties. Appellee contends that it does not
employ the workers of the SATF and therefore cannot be sued under section 1983. For
a controversy to be justiciable, there must be a real controversy between the parties that
will be actually resolved by the judicial relief sought. Gomez, 891 S.W.2d at 254. Although
there is mixed evidence as to whether the people who work at the SATF are employees
of the state or the county, the controversy between the parties is justiciable. Regardless
of how the employment issue is ultimately decided, there is a real controversy that will be
resolved by the judicial relief sought. See id. 
B. Waiver of ImmunitySovereign immunity from suit defeats a trial court’s subject matter jurisdiction unless
the state expressly consents to suit. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). Governmental immunity operates like sovereign immunity to afford similar
protection to subdivisions of the State, including counties, cities, and school districts. See
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (recognizing that
sovereign immunity and governmental immunity are distinct concepts though courts often
use the terms interchangeably). The tort claims act provides a limited waiver of immunity
if certain conditions are met. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025
(Vernon 1997).
1. Section 1983 Claims 
          Although the protections of immunity are broad, they do not extend to liability under
the civil rights act. See Thomas v. Allen, 837 S.W.2d 631, 632 (Tex. 1992) (per curiam)
(acknowledging that a state court cannot refuse to entertain a section 1983 claim on the
ground that it was barred by the defense of immunity) (citing Howlett v. Rose, 496 U.S. 356
(1990)). Consequently, the trial court could not have properly dismissed appellants’
section 1983 claims based on immunity. Accord Williams v. Huff, 52 S.W.3d 171, 194
(Tex. 2001) (holding that county could be held liable under section 1983 for constitutional
violations).
2. Tort Claims 
          We now turn to appellants’ causes of action under the tort claims act to determine
whether appellants have affirmatively demonstrated the jurisdiction of the court. The tort
claims act expressly waives governmental immunity in three general areas: (1) use of
motor-driven equipment, (2) premises defects, and (3) injuries arising out of the use of
personal property. Brown, 80 S.W.3d at 554. Under subsection (2) of section 101.021 of
the civil practice and remedies code, the subsection relevant to this case, a governmental
unit is liable for “personal injury or death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private person, be liable
to the claimant according to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)
(Vernon 1997). Liability under subsection (2) can arise under different theories: It
encompasses governmental liability based on respondeat superior for misuse of tangible
personal property other than motor-driven vehicles and equipment, as well as
governmental liability for premises defects. Tex. DOT v. Able, 35 S.W.3d 608, 611 (Tex.
2000). 
          Appellants’ live petition alleges liability under section 101.021(2) based on three
different theories: (1) premises defects; (2) use of tangible personal property; and (3)
negligent hiring, training, and supervision of employees. We discuss each of these
theories separately. 
i. Premises Defects 
          It is undisputed that appellee owns the physical facility used by the SATF and
provides the SATF with equipment and utilities. Appellants allege that appellee is liable
for premises defects because the facility used by the SATF contains security cameras that
were either non-functioning or improperly placed, as well as various doors, rooms, and
enclosures, which permitted guards to have unlimited, unmonitored access to inmates,
provided the seclusion necessary for the sexual harassment and assaults to occur, and
prevented any reasonable opportunity for appellants to escape. According to appellants,
appellee allowed these premises defects to exist and failed to correct them or adopt
policies to minimize the risk of harm they created. 
          Appellee maintains that it cannot be sued for premises defects under the tort claims
act because the defects alleged by appellants were merely incidental to their injuries. 
Appellee contends that appellants’ claims arise out of the intentional torts of SATF
employees and are therefore unauthorized by the tort claims act. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.057(2) (Vernon 1997).
          We disagree. Although a governmental unit is immune from claims arising out of
intentional torts, see id., appellants’ premises defects claim arises out of appellee’s failure
to provide a facility for the treatment of inmates that is safe and does not allow guards to
have unfettered, unlimited, and unsupervised access to inmates. Although this case
certainly involves allegations of intentional torts, the mere intermingling of intentional torts
with the negligence of a governmental unit does not render the governmental unit immune. 
See Young v. Dimmitt, 787 S.W.2d 50, 51 (Tex. 1990) (per curiam) (recognizing recovery
available under tort claims act for negligent conduct even though accompanied by
intentional tort); see also Tex. Dep't of Mental Health & Mental Retardation v. Petty, 848
S.W.2d 680, 684 (Tex. 1992) (same). Rather, the supreme court has adopted an
interpretation of section 101.057(2) that accommodates the following distinction stated in
the Restatement (Second) of Torts § 448 (1965):
The act of a third person in committing an intentional tort or crime is a
superseding cause of harm to another resulting therefrom, although the
actor’s negligent conduct created a situation which afforded an opportunity
to the third person to commit such a tort or crime, unless the actor at the time
of his negligent conduct realized or should have realized the likelihood that
such a situation might be created, and that a third person might avail himself
of the opportunity to commit such a tort or crime.
Delaney v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex. 1992).
          In this case, appellants allege that at the time appellee failed to correct the premises
defects, it either knew or should have known that the defects would allow guards to commit
sexual harassment and assault. Accordingly, in light of the supreme court’s holding in
Delaney, we conclude that appellants’ premises defects claim does not arise out of the
intentional torts involved in this case but out of the alleged negligence of appellee in failing
to remedy defects in the facility used by the SATF when it either knew or should have
known that the defects presented a risk of injury to inmates. Our holding on this issue
should not be construed as anything more than a liberal construction of the pleadings for
the limited purpose of determining whether appellants have established the trial court’s
jurisdiction to hear their case. 
          Appellee further contends that it cannot be sued for premises defects because the
alleged defects did not cause any injuries but merely furnished a condition making injuries
possible. See City of Bellmead v. Torres, 89 S.W.3d 611, 614 (Tex. 2002) (“In a premises
defect case, the dangerous condition must be a cause of the resulting injury.”). Section
101.021(2) requires that for immunity to be waived, personal injury or death must be
proximately caused by the condition or use of tangible property. See Dallas County Mental
Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998) (citing Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997)). Proximate cause consists of both
cause in fact and foreseeability. Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992). 
Cause in fact means that the condition was a substantial factor in bringing about the injury
which would not otherwise have occurred. See Prudential Ins. Co. v. Jefferson Assocs.,
896 S.W.2d 156, 161 (Tex. 1995).
          Having reviewed the pleadings liberally in favor of jurisdiction, we conclude that
appellants intend to prove that the premises defects were a substantial factor in bringing
about injuries that would not have otherwise occurred. See Peek, 779 S.W.2d at 804. 
Appellants have alleged that the defects permitted guards to have unlimited, unmonitored
access to inmates, provided the seclusion necessary for the harassment and assaults to
occur, and prevented any reasonable opportunity for appellants to escape. Appellants also
claim that their injuries were foreseeable by appellee. Based on these pleadings, we
conclude that appellants have not simply alleged that the defects furnished a mere
condition that made their injuries possible. See Bossley, 968 S.W.2d at 343. The nexus
between the alleged premises defects and injuries in this case is not so highly attenuated
that it defies the definition of proximate cause. Accordingly, we conclude that appellants’
petition affirmatively demonstrates the subject matter jurisdiction of the trial court by
asserting a cause of action for premises defects against appellee under the tort claims act. 
          In reaching this holding, we emphasize that the purpose of a “plea [to the
jurisdiction] is not to force the plaintiffs to preview their case on the merits but to establish
a reason why the merits of the plaintiffs’ claims should never be reached.” Bland, 34
S.W.3d at 554. Neither this Court nor the trial court is authorized to inquire so far into the
substance of the claims presented that appellants would be required to put on their case
simply to establish jurisdiction. See id. Nothing in this opinion should be construed as
either favoring or disfavoring the theory advanced by appellants, except that their theory
is sufficient to invoke the jurisdiction of the court regardless of whether it is ultimately
successful.
ii. Use of Tangible Personal Property 
          Appellants also claim that their injuries were caused by the use of tangible personal
property; however, this allegation remains largely undeveloped. The only personal
property identified in appellants’ live petition are surveillance cameras, which the petition
alleges were either non-functioning or misplaced. Such allegations scarcely amount to the
“use” of personal property required by the tort claims act. Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(2). According to the supreme court, “use” means “to put or bring into
action or service; to employ for or apply to a given purpose.” LeLeaux v. Hamshire-Fannett
Ind. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992). Construing appellants’ petition liberally,
it appears to allege that appellee employed security cameras at the facility used by the
SATF for the purpose of monitoring inmates, as well as guards, and that appellee’s
employment of cameras that were either non-functioning or misplaced for the purpose of
surveillance proximately caused the injuries sustained by appellants. Although we cannot
conclude that such allegations affirmatively negate the possibility of jurisdiction, they are
insufficient to demonstrate jurisdiction. Accordingly, appellants must be afforded an
opportunity to amend their pleadings. See Brown, 80 S.W.3d at 549. To demonstrate
jurisdiction sufficiently, the allegations of appellants’ petition must detail how appellee used
the cameras and how such use proximately caused personal injury to appellants. iii. Negligent Hiring, Training, and Supervision
          Appellants have also asserted claims against appellee for negligent hiring, training,
and supervision of employees, as well as negligent implementation of county policies. 
These claims cannot be brought outside of the causes of action discussed above. The tort
claims act does not waive immunity for negligence that does not involve conditions or use
of tangible property. See State Dep’t of Pub. Safety v. Petta, 44 S.W.3d 575, 581 (Tex.
2001). Because appellants have failed to allege facts that demonstrate how appellee’s
negligent hiring, training, and supervision of employees or its negligent implementation of
county policies caused them injury by a condition or use of tangible property, we cannot
conclude that their petition affirmatively demonstrates the subject matter jurisdiction of the
trial court. Nevertheless, the petition does not affirmatively negate the trial court’s
jurisdiction. See Brown, 80 S.W.3d at 549. Accordingly, appellants must be afforded an
additional opportunity to amend their petition. See id. 
III. 
          In sum, we conclude that the trial court erred by dismissing appellants’ claims and
therefore sustain in part appellants’ second, third, and fourth issues. The case is
remanded for further proceedings consistent with this opinion. 
 
          . 

                                                                                                                                            __
                                                                               _____________________
                                                                               DORI CONTRERAS GARZA,
                                                                               Justice
 
 
Opinion delivered and filed 
this the 14th day of April, 2005.