**Affirmed and Memorandum Opinion filed January 30, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00026-CV

**SAMUEL SAN MIGUEL, Appellant**

**V.**

**MICHAEL SEARCY, MARSHA MCLANE, JESSICA MARSH, KARA GOUGLER, RACHEL KINGSTON, CRISTOVAL SALINAS, CHRIS GREENWALT, JOHN COCHRAN, WAYNE SCHMOKER, VICTORIA RODRIGUEZ, JAMES CRUZ, MICHAEL ARENIVAZ, DEANNA RODRIGUEZ, ANDRES FLORES, ALISSA CORREA, ADAM PIERCE, MICHAEL TERRONES, BRIAN MOSLEY, JASON HEATON, Appellees**

**On Appeal from the 154th District Court
Lamb County, Texas
Trial Court Cause No. DCV-20363-20**

## MEMORANDUM OPINION

The issue in this appeal is whether the district court in Montgomery County that ordered the civil commitment of Samuel San Miguel has exclusive jurisdiction over his claims in the underlying case, which San Miguel filed in Lamb County. We conclude that all of San Miguel's claims concern the conditions of his

commitment and therefore the Montgomery County district court has exclusive jurisdiction over them. We affirm the Lamb County district court's dismissal of San Miguel's claims for lack of jurisdiction. We also conclude that the Lamb County district court did not abuse its discretion in denying San Miguel's post-judgment motion to vacate and affirm the trial court's judgment.

## BACKGROUND

The 435th District Court of Montgomery County found San Miguel to be a sexually violent predator ("SVP") under Chapter 841 of the Texas Health and Safety Code. *In re Commitment of San Miguel*, No. 09-15-00134-CV, 2015 WL 8471705, at *4 (Tex. App.—Beaumont Dec. 10, 2015, no pet.) (mem. op.) (affirming civil commitment). That court civilly committed San Miguel to treatment, housing, and supervision to be coordinated at the Texas Civil Commitment Center (TCCC) located in Lamb County. *Id*. San Miguel filed the instant suit in Lamb County asserting claims arising from his civil commitment against (1) the Texas Civil Commitment Office (TCCO), (2) TCCC employees and officials (the "TCCC Defendants"), and (3) employees of the Management and Training Corporation (the "MTC Defendants"), a private prison corporation under contract with the TCCO to provide services for the TCCC (collectively, the "Defendants").

The Defendants filed a plea to the jurisdiction, contending the trial court lacked jurisdiction over San Miguel's claims because, under Chapter 841 of the Health and Safety Code, San Miguel's committing court retains exclusive jurisdiction over his claims.[1] After a hearing, the trial court determined it lacked

---

[1] During the course of the proceedings, San Miguel effectively admitted he improperly filed his case in Lamb County. San Miguel filed a "motion to transfer" venue based on a separate case he filed against TCCO employees and officials. *See San Miguel v. McLane*, No.

2

jurisdiction under Texas Health and Safety Code Section 841.082(d) and issued an order dismissing the suit without prejudice. San Miguel then filed a motion to vacate and set aside the Lamb County court's order, which the court denied. Representing himself pro se, San Miguel appeals the Lamb County court's orders granting the Defendants' plea to the jurisdiction and denying his motion to vacate.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that challenges the existence of subject-matter jurisdiction, that is, the court's power to adjudicate the case. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015). Whether a trial court has subject-matter jurisdiction is a question of law, which we review de novo. *Texas Health & Hum. Servs. Comm'n*, 674 S.W.3d 273, 280 (Tex. 2023). The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). When, as in this case, the jurisdictional challenge rests solely on the sufficiency of the pleadings, the appellate court must "determine whether the plaintiff's pleadings, construed in favor of the plaintiff, allege sufficient facts affirmatively demonstrating the court's jurisdiction to hear the case." *Texas Dep't of Transp. v. Self*, 690 S.W.3d 12, 19 (Tex. 2024) (quoting *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012)). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an

---

07-21-00058-CV, 2022 WL 2960141, at *2 (Tex. App.—Amarillo July 26, 2022, pet. denied) (mem. op.). In his motion, San Miguel argued venue was improper because Texas Health and Safety Code, Section 841.082(d) requires the committing court of a civilly committed individual to retain jurisdiction. The Lamb County court determined that San Miguel's motion raised a question as to the jurisdiction of the court, not venue, and requested Defendants file a response to San Miguel's motion. In their response, Defendants agreed that Section 841.082(d) required San Miguel to bring suit in the "committing court," the Montgomery County district court, and not in the Lamb County district court. San Miguel then withdrew his motion to transfer venue and instead sought to continue the litigation in the Lamb County district court.

3

opportunity to amend." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

## ANALYSIS

Resolving the jurisdictional issue in this appeal requires us to determine whether San Miguel's claims fall under Section 841.082(d) such that they are subject to the exclusive jurisdiction of his committing court. Section 841.082(d) provides:

> The *committing court retains jurisdiction* of the case with respect to a proceeding conducted under [Subchapter E], other than a criminal proceeding involving an offense under Section 841.085, or a civil commitment proceeding conducted under Subchapters F and G.

Tex. Health & Safety Code § 841.082(d) (emphasis added). Under Section 841.082(d), after a person is committed, the "trial court [retains] both personal jurisdiction over [the committed individual] and subject matter jurisdiction over the civil commitment." *In re Commitment of Davis*, 291 S.W.3d 124, 127 (Tex. App.—Beaumont 2019, pet. denied).

It is undisputed that the Montgomery County district court ordered San Miguel's commitment and established its terms. *Commitment of San Miguel*, 2015 WL 8471705, at *4. Consequently, the Montgomery County district court retains jurisdiction while San Miguel's commitment order remains in effect for any proceeding under Subchapter E. *See* Tex. Health & Safety Code § 841.082(d); *In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.) ("In SVP commitment cases, the trial court retains jurisdiction while the commitment order remains in effect."); *In re Commitment of Richards*, 395 S.W.3d 905, 907 (Tex. App.—Beaumont 2013, pet. denied) ("After a person is committed under the SVP statute, the trial court retains jurisdiction over the person and subject matter of the individual's commitment.").

4

Subchapter E describes the state's requirements for treatment, housing, and supervision of a civilly committed individual. Tex. Health & Safety Code §§ 841.081-841.085; *see Cupit v. Texas Civil Commitment Off.*, No. 07-18-00228-CV, 2018 WL 6036645, at *2 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.) (describing jurisdiction of committing court under Subchapter E to include pleadings contesting "the impairment of the way his [treatment and housing] is being carried out"); *Texas Civil Commitment Off. v. Hartshorn*, 550 S.W.3d 319, 329-30 (Tex. App.—Austin 2018, no pet.) (describing jurisdiction of Subchapter E to include "petition for less restrictive housing and supervision" as a matter for the committing court); *see also San Miguel v. McLane*, No. 07-21-00058-CV, 2022 WL 2960141, at *2 (Tex. App.—Amarillo July 26, 2022) (mem. op.) (concluding that continuing jurisdiction of committing court under Subchapter E includes transfer between programming tiers for housing and supervision). Subchapter E also includes the right of the committed person to file suit requesting "less restrictive housing and supervision." Tex. Health & Safety Code § 841.0834(b).[2]

San Miguel's claims and the facts underlying them demonstrate that all his claims relate to his treatment, housing, and supervision during his civil commitment. The facts underlying San Miguel's claims arise from three separate incidents at the TCCC. First, San Miguel complains of an incident involving the confiscation of his property in violation of TCCC policy and without due process. It was determined that San Miguel created a disturbance when he objected to the

---

[2] During the pendency of this suit, the Legislature amended the statute and removed the phrase "less restrictive housing and supervision" and replaced it with "the next less restrictive tier." Act of Jun. 2, 2023, 88th Leg., R.S., ch. 351, § 23, 2023 Tex. Gen. Laws 757, 767 (codified at Tex. Health & Safety Code § 841.0834(d)). San Miguel's brief attaches some significance to this amendment, but he never explains how this amended language, if applicable, would change the Montgomery County district court's exclusive jurisdiction over his suit.

confiscation of his property, a facility rule violation, and he was placed in the Secure Management Unit ("SMU"). San Miguel makes several complaints about the conditions of the SMU, including that patients are fed through a "bean slot"; patients only receive 2 hours total outside for recreation; the area for recreation is like a "dog cage"; he feels harassed when he is subjected to a pat search by security officers; he cannot attend church or religious services; he cannot have a shaving razor; and he has no access to television or radio. He alleges that pursuant to Defendants' disciplinary policy, he was placed in the SMU for over a year without a hearing and for much longer than medically necessary. He has submitted grievances to TCCO concerning the conditions of the SMU, but according to San Miguel, they were not processed.

The second incident San Miguel complains about involves what he contends was an unlawful use of force. San Miguel complains that an officer unfairly wrote him up for a violation, which led to an argument with the officer. Another officer witnessed the confrontation and pushed a panic button, which led to San Miguel's restraint. San Miguel complains that pushing the panic button, the force that the officers used, and being subjected to restraints was unjustified. San Miguel also complains that the security staff was not properly trained on the use of force policy and that they did not follow standard operating procedures, such as using a camera or calling a clinical professional for him, during this incident. San Miguel went through the grievance process at the TCC involving this incident. He was again placed in the SMU, and he complains he was then denied a visit with family because he did not have time to submit the proper paperwork before they visited. He also complains he was denied his medications while in the SMU.

San Miguel's last set of claims involve another claim of unlawful use of force after San Miguel refused to comply with the SMU's "suicide prevention" protocol by removing his shoelaces. After the incident, Defendants required San

6

Miguel to wear wrist and ankle cuffs and a belly chain whenever exiting his cell in the SMU. San Miguel claims the use of restraints was unlawful and punitive and caused him "to suffer physical pain and mental and emotional distress."

Liberally construed, San Miguel's legal claims against the Defendants for these incidents include (1) violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution; (2) violations of the Religious Land Use and Institutionalized Person Act ("RLUIPA"); (3) violations the Texas Health and Safety Code; (4) assault and battery; and (5) infliction of emotional and physical distress. San Miguel brought this civil action for the deprivation of his rights against the Defendants under 42 U.S.C. Section 1983 ("Section 1983").

San Miguel's various arguments fail to persuade this Court why the Lamb County district court has jurisdiction instead of the Montgomery County district court that committed him. San Miguel argues that this case is unlike a previous case he filed in Lamb County, which was also dismissed for lack of jurisdiction, because this case involves the use of force. *See San Miguel*, 2022 WL 2960141, at *1. San Miguel's claims involving use of force, however, still fall within the jurisdiction of the Montgomery County district court. The Code contemplates the use of restraints at the TCCC and specifies when such use is appropriate. Tex. Health & Safety Code § 841.0838(a)(2)(A). As a result, the use of force or mechanical restraints concerns the supervision or restrictiveness of San Miguel's conditions of confinement and is subject to the jurisdictional provision of Subchapter E. *Id*. § 841.082(d).

In support of his arguments, San Miguel also relies on cases in which, according to San Miguel, other courts have concluded that jurisdiction exists over similar claims. Neither of the cases he cites, however, concern whether a committing court has exclusive jurisdiction over claims the committed individual later files. *See Welsh v. Searcy*, No. 07-22-00023-CV, 2022 WL 1668357, at *1-2

7

(Tex. App.—Amarillo May 25, 2022, pet. denied) (mem. op.) (appealing order finding plaintiff a vexatious litigant); *May v. Correct Care Recovery Sols.*, No. 07-22-00056-CV, 2022 WL 1224125, at *2 (Tex. App.—Amarillo Apr. 26, 2022, no pet.) (mem. op.) (deciding whether order granting summary judgment was final and appealable).[3]

Finally, San Miguel seems to suggest that because he filed his claims under federal law, specifically Section 1983, the exclusive jurisdiction of the Montgomery County district court is somehow vitiated. State courts, as well as federal courts, have jurisdiction over Section 1983 cases. *See Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 358 (1990); *Thomas v. Allen*, 837 S.W.2d 631, 631-32 (Tex. 1992). The jurisdictional provision of Subchapter E of Chapter 841 of the Texas Health and Safety Code does not interfere or conflict with Congress's intent with the purposes, execution, and objectives of Section 1983. *See* Tex. Health & Safety Code § 841.082(d); 42 U.S.C. § 1983. Specifically, Subchapter E does not limit the form or substance of San Miguel's complaint. *See* Tex. Health & Safety Code § 841.082(d). Nor does Subchapter E immunize Defendants from suit or liability, alter or diminish the remedies sought by San Miguel, or increase San Miguel's burden of proof. *See id.* § 841.082(d). Section 1983 does not in any way preempt or otherwise undermine the jurisdictional provision of Texas Health and Safety Code, Section 841.082(d).

All of San Miguel's claims stem from his treatment, housing, and supervision and the restrictiveness of his conditions of confinement at the TCCC in Lamb County. Accordingly, they are subject to the jurisdiction of the Montgomery

---

[3] Additionally, San Miguel appears to argue that the state court has jurisdiction over his federal claims, citing *Thomas v. Allen*, 837 S.W.2d 631 (Tex. 1992). The trial court, however, did not dismiss San Miguel's claims because they were federal claims. The trial court dismissed his claims because he failed to file them in the state district court with exclusive jurisdiction over his claims.

County district court, which has exclusive jurisdiction concerning the terms of his commitment. *Id.* § 841.082(d); *Commitment of San Miguel*, 2015 WL 8471705, at *4. We affirm the district court's dismissal of San Miguel's claims without prejudice because the proper trial court is San Miguel's committing court in Montgomery County, not Lamb County.

In his second issue on appeal, San Miguel contends that the trial court abused its discretion in denying his motion to vacate. Much of San Miguel's motion sought to revisit the trial court's jurisdictional ruling, which we have addressed above. San Miguel also argued that he suffered prejudice because Defendants failed to timely deliver their plea to the jurisdiction to San Miguel. Appellees admit that the TCCO Defendants erroneously failed to serve San Miguel by mail despite serving all other parties electronically. San Miguel contends he received the motion two hours before the hearing. Defendants served a notice of the hearing on the plea to the jurisdiction on November 14, 2023, and the hearing occurred on November 28, 2023. Although not clear from the record, San Miguel apparently received notice of the hearing because he appeared and argued against the jurisdictional plea.

Whether a trial court has subject-matter jurisdiction is a threshold matter that a court may address on its own motion and at any time. *See Texas Ass'n of Bus. v.. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993); *see also In re G.S.G.*, 145 S.W.3d 351, 353 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting court may determine jurisdiction sua sponte); *Webb v. Voga*, 316 S.W.3d 809, 812 (Tex. App.—Dallas 2010, no pet.) (holding that court must determine subject-matter jurisdiction even if the parties have not questioned it). Here, the trial court actually raised the issue of its jurisdiction in response to San Miguel's own filing contending that venue was not proper in Lamb County. The court then invited the parties to address jurisdiction. Although the TCCO Defendants did not serve their

plea on San Miguel, the other Defendants did, and San Miguel received notice of the hearing and participated without objection and without requesting a continuance. And, the only issue at the hearing was whether San Miguel affirmatively established the trial court's jurisdiction on the face of his pleadings; the hearing was not evidentiary. Under these circumstances, the trial court could have dismissed the case for want of jurisdiction with or without San Miguel's participation. *See Kimmel v. Cooper*, No. 03-01-00333-CV, 2002 WL 246425, at *2 (Tex. App.—Austin Feb. 22, 2002, no pet.) (mem. op.) (concluding that trial court's dismissal for want of jurisdiction without notice to defendant was permissible); *see also Martinez v. State*, No. 13-10-00076-CV, 2011 WL 861059, at *2 (Tex. App.—Corpus Christi-Edinburg Mar. 10, 2011, no pet.) (mem. op.) (concluding that service of jurisdictional plea and hearing notice is unnecessary when trial court's subject-matter jurisdiction at issue). Therefore, the trial court did not abuse its discretion in denying San Miguel's motion to vacate.

## CONCLUSION

We affirm the trial court's order dismissing San Miguel's claims under Section 841.082(d) of the Texas Health and Safety Code. We further affirm that the trial court did not abuse its discretion in denying San Miguel's motion to vacate.

/s/ Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

10