# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-16-00072-CV
_____

### IN RE CLARENCE D. BROWN

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 10-03-02609-CV**

## OPINION

In this mandamus proceeding, Clarence D. Brown complains that the trial court abused its discretion by denying Brown's motion for appointment of counsel, by granting the State's motion to place Brown in a tiered sex offender treatment program, and by amending an order of civil commitment to require that Brown participate in sex offender treatment and supervision provided by the Texas Civil Commitment Office (TCCO). On October 21, 2015, the trial court signed the orders to implement Brown's transition from supervision and treatment by the Office of Violent Sex Offender Management (OVSOM) to supervision and

1

treatment by the TCCO pursuant to the 2015 statutory amendments to Chapter 841 of the Texas Health and Safety Code that the Legislature enacted in S.B. 746. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, §§ 1-44, 2015 Tex. Sess. Law Serv. 2701, 2701-12 (West). We conclude that Brown was entitled to counsel but for a different reason than urged in his petition. We conditionally grant the petition in part.

Two of Brown's complaints have been addressed and rejected in cases that were decided after Brown filed his petition. First, Brown contends the trial court denied his statutory right to outpatient treatment and argues that the civil commitment procedure provided by Chapter 841 of the Texas Health and Safety Code is unconstitutionally punitive. We rejected this same argument in *In re Williams*, No. 09-16-00087-CV, 2016 WL 4249175, at *1-2 (Tex. App.—Beaumont Aug. 11, 2016, orig. proceeding) (mem. op.), and in *In re Commitment of May*, 2016 WL 4040186, at *4-6 (Tex. App.—Beaumont July 28, 2016, no pet. h.). Second, Brown contends section 40(b) of S.B. 746, which required that the trial court modify any civil commitment requirement imposed before the effective date of the act that differs from any of the section 841.082 civil commitment requirements as amended, violated the prohibition against retroactive laws. We

rejected this same argument in *Williams*, 2016 WL 4249175, at \*2, and in *May*, 2016 WL 4040186, at \*6-8.

In a supplemental petition, Brown contends the amended statute violates the separation of powers clause of the Texas Constitution. *See generally* Tex. Const. art. II, § 1. He argues that by applying the amendments to Chapter 841 to existing civil commitments, the Legislature interfered with the court's authority to enter final judgments. The separation of powers doctrine, which prohibits one branch of government from exercising a power belonging inherently to another, is violated when the legislative branch interferes with the functioning of the judicial process in a field constitutionally committed to the control of the courts. *In re Dean*, 393 S.W.3d 741, 747-48 (Tex. 2012) (orig. proceeding). Brown argues subsection 40(b) of S.B. 746 interferes with the judicial power to enter and execute a final judgment. Because the trial court may modify any requirement of civil commitment after notice and a hearing, we are unpersuaded that applying the 2015 amendments to Chapter 841 affected the finality of the 2010 judgment. *See* Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2015).

Brown contends the trial court abused its discretion by denying his motion for appointment of counsel. He argues due process required that counsel be appointed to protect his liberty interest against being placed in total confinement.

3

The State contends Brown did not have a right to have counsel appointed to represent him in the hearing to modify the civil commitment order because it occurred in a proceeding under Chapter 841, Subchapter E, which concerns the administration of the sex offender treatment program. *See id.* §§ 841.081.-.085 (West Supp. 2015).

Generally, an indigent litigant does not have a right to have counsel appointed to represent him in a civil case. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712-13 (Tex. 2003). However, Chapter 841 of the Texas Health and Safety Code provides for appointment of counsel in certain circumstances. The Office of State Counsel for Offenders (SCFO) represents an indigent person subject to a civil commitment proceeding under Chapter 841 of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 841.005(a) (West 2010). A "civil commitment proceeding" is defined by statute as "a trial or hearing conducted under Subchapter D, F, or G." *Id.* § 841.002(3-a) (West Supp. 2015). Subchapters D, F, and G concern the initial determination of a person's status as a sexually violent predator, the biennial review to determine whether probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, and the process for an authorized or an unauthorized petition for release. *Id.* § 841.061

4

(West Supp. 2015), § 841.062 (West 2010), § 841.063 (West Supp. 2015), § 841.064 (West 2010), § 841.065 (West Supp. 2015), §§ 841.101-102 (West Supp. 2015), § 841.103 (West 2010), §§ 841.121-124 (West Supp. 2015).

In Brown's case, the biennial review process commenced on May 6, 2015, with the Notice of Biennial Review. Brown had a statutory right to be represented by SCFO counsel for the biennial review. *Id.* §§ 841.002(3-a), 841.005(a), 841.102(b). On May 21, 2015, the trial court appointed an attorney from SCFO to represent Brown for the biennial review. The State served Brown with notice that it was seeking a modification of the order of civil commitment on August 14, 2015, while SCFO counsel was representing Brown on the biennial review of the civil commitment order. The biennial review order was signed on November 9, 2015, almost three weeks after the trial court signed the amended order of commitment. Apparently, the parties treated the modification of the civil commitment requirements as a separate proceeding completely disconnected from the ongoing biennial review, and SCFO counsel did not attend the hearing on the State's motion to amend the civil commitment order.

A hearing conducted under Subchapter E is not included in the definition of a "civil commitment proceeding" in which SCFO represents an indigent person. *Id.* §§ 841.002(3-a), 841.005(a). In addition, Subchapter E includes a provision for

5

modifying a civil commitment requirement at any time. *See id.* § 841.082(e). Section 40(b) of S.B. 746 required that the trial court modify an existing civil commitment order to require the person's participation in the newly created tiered treatment program. *See* 2015 Tex. Sess. Law Serv. at 2711. However, one of the functions of a biennial review is to determine whether a requirement imposed on the person under Chapter 841 of the Texas Health and Safety Code should be modified. *See* Tex. Health & Safety Code Ann. § 841.102(c)(1). Although the hearing required by section 40(b) of S.B. 746 simply provided notice to Brown that the commitment order was being modified to conform to the new sex offender treatment program, the State's motion and the trial court's hearing on the motion concerned modifying a civil commitment requirement. *See id.* Therefore, the scope of SCFO counsel's representation for the biennial review included the consideration and hearing on the State's motion to modify the civil commitment order to require Brown to participate in the tiered treatment program. *See id.* Under these particular facts, we conclude that Brown had a statutory right to counsel. *See id.* § 841.005(a).

The trial court may have been unaware that SCFO counsel had recently been appointed for the ongoing biennial review, but it is undisputed that Brown had appointed counsel on the day of the hearing and that counsel did not participate in

the hearing that resulted in the amended order of civil commitment. Under these circumstances, the trial court abused its discretion by denying Brown's request to be represented by counsel at the hearing. Brown lacks an adequate appellate remedy because the interlocutory order is not immediately appealable. *See In re Commitment of Cortez*, 405 S.W.3d 929, 931 (Tex. App.—Beaumont 2013, no pet.).

We are confident that the trial court will vacate its orders of October 21, 2015, and appoint counsel to represent Brown at the hearing on the State's motion to place Brown in the tiered treatment program. *See* Tex. Health & Safety Code Ann. § 841.005. The writ shall issue only if the trial court fails to comply. All other relief requested in the mandamus petition is denied.

PETITION CONDITIONALLY GRANTED IN PART.

 

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 16, 2016
Opinion Delivered September 1, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.

DISSENTING OPINION

I join and agree with the majority's conclusion and discussion rejecting Brown's complaint that the SVP statute as amended is unconstitutionally punitive, and rejecting his complaint regarding retroactivity. See Majority Op. at 2-3. However, I respectfully disagree with the majority and write this dissenting opinion because I cannot agree with the majority's conclusion that "[u]nder these particular facts . . . Brown had a statutory right to counsel."

The general rule, as stated by the majority, is that "an indigent litigant does not have a right to have counsel appointed to represent him in a civil case." See Gibson v. Tolbert, 102 S.W.3d 710, 712-13 (Tex. 2003). The Texas Legislature specifically provided within the SVP statute that:

> § 841.005. Office of State Counsel for Offenders.
>
> (a) Except as provided by Subsection (b), the Office of State Counsel for Offenders shall represent an indigent person subject to a civil commitment proceeding under this chapter.
>
> (b) If for any reason the Office of State Counsel for Offenders is unable to represent an indigent person described by Subsection (a) at a civil commitment proceeding under this chapter, the court shall appoint other counsel to represent the indigent person.

Tex. Health & Safety Code Ann. § 841.005 (West 2010). A "civil commitment proceeding" is defined by statute as "a trial or hearing conducted under Subchapter

1

D, F, or G." See id. § 841.002(3-a) (West Supp. 2015). The tiered program is part of Subchapter E. See id. §§ 841.083, 841.0834, 841.0831 (West Supp. 2015).

The facts in this case clearly indicate that the trial court held a separate hearing on the State's request to place Brown in the tiered program. As noted by the majority, the parties treated the placement into the tiered program as a separate matter from the biennial review. Moreover, the trial court also treated the proceedings separately and held separate hearings as to each matter. The SCFO attorney represented Brown at the biennial review hearing. In my opinion, the mere fact that SCFO was appointed by Order dated May 21, 2015, to represent Brown for the "biennial review," does not lead to the conclusion that Brown had a "statutory right to counsel" at the tiered treatment hearing.

As per the SVP statute, SCFO was appointed to represent Brown at the biennial review hearing. There is no language within the SVP statute that required the trial court to appoint SCFO or any other attorney to represent Brown at the tiered treatment hearing. The Legislature expressly did not include Subchapter E within the definition of a "civil commitment proceeding[.]" Therefore, the trial court did not abuse its discretion by denying Brown's request to be represented by court-appointed counsel at the tiered treatment hearing. The petition for mandamus should be in all respects denied.

2

_____
LEANNE JOHNSON
Justice