Jeff Rose, Chief Justice
The Texas Civil Commitment Office (TCCO) filed this appeal from the district court's amended order denying a plea to the jurisdiction and motion to transfer venue and transferring to Travis County the underlying cause involving John H. Hartshorn's civil commitment under the sexually violent predator (SVP) statute. See Tex. Health & Safety Code §§ 841.001 -.153. In three issues, the TCCO contends that the Montgomery County district court that committed Hartshorn did not lose jurisdiction over his cause and that the order transferring his cause from the 345th District Court of Travis County to the 331st District Court of Travis County is void.
We will reverse the district court's amended order denying the plea to the jurisdiction, render judgment granting the plea, and dismiss Hartshorn's petitions.
BACKGROUND
In 1999, the Legislature established a civil-commitment procedure providing long-term supervision and treatment for sexually violent predators with behavioral abnormalities that are not amenable to traditional mental-health treatment and that increase their likelihood of recidivism. Stevenson v. State , 499 S.W.3d 842, 844 (Tex. Crim. App. 2016) ; see Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, 1999 Tex. Gen. Laws 4122, 4143-52 (current version at Tex. Health & Safety Code §§ 841.001 -.153). The SVP statute in chapter 841 of the Health & Safety Code is divided into subchapters that generally provide a chronological framework for the civil-commitment process, from the initial assessment of whether a person is a sexually violent predator through trial, civil commitment, any modifications to the person's housing or supervision during civil commitment, biennial review of the person's commitment, and any petitions by the committed person for release. See Tex. Health & Safety Code §§ 841.001 -.153. The SVP statute allows a person who has *322 been civilly committed as a sexually violent predator to file a petition for release, with or without authorization from the TCCO, which coordinates the committed person's treatment and supervision. Id. §§ 841.081, .121-.122. The person may also file a petition for transfer to less restrictive housing and supervision. Id. § 841.0834(b). The issue in this case is whether amendments to the SVP statute in 2015 stripped the committing court of jurisdiction over Hartshorn's petition for release and petition for less restrictive housing and supervision. We conclude they did not.
In 2010, Hartshorn was civilly committed as a sexually violent predator in an order signed by the 435th District Court of Montgomery County, which was affirmed on appeal. See In re Commitment of Hartshorn , No. 09-10-00382-CV, 2011 WL 6229545, at *2, *4, 2011 Tex. App. LEXIS 9802, at *5, *10 (Tex. App.-Beaumont Dec. 15, 2011, pet. denied) (mem. op.) (noting that in four-year time span Hartshorn was convicted of indecency with thirteen-year-old child, aggravated sexual assault of eight-year-old child, and sexual assault of twenty-year-old woman, all involving Hartshorn going into sleeping person's room and committing sexually violent offense). The appellate court issued its mandate on July 9, 2012. The committing court in Montgomery County signed a biennial-review order continuing Hartshorn's commitment on June 10, 2015. On September 14, 2015, after the Legislature's 2015 amendments to the SVP statute became effective, the committing court signed an amended order modifying the requirements of Hartshorn's civil commitment to conform with the new requirements in subsection 841.082(a) of the SVP statute. Both orders gave Hartshorn notice of his next biennial review.
In 2016, Hartshorn filed in Travis County his "Unauthorized Petition for Release and in the alternative, Petition for Less Restrictive Housing and Supervision," naming the TCCO as the defendant. See Tex. Health & Safety Code §§ 841.0834(b), .122. In this pleading, Hartshorn alleged that the jurisdiction of the committing court had terminated June 17, 2015, with the amendment of the SVP statute and that "the Legislature intended for the courts of the county where [Hartshorn]'s most recent conviction for a sexually violent offense occurred[ ] to be the venue for future civil commitment proceedings." Hartshorn further alleged that because Travis County was the county of his most recent conviction for a sexually violent offense, his petition for release and petition for less restrictive housing and supervision should be filed there.
Hartshorn never perfected service of process on the TCCO. He served only the Travis County District Attorney's Office. After the Travis County District Attorney's Office was served, it requested the assistance of the Special Prosecution Unit. Under the SVP statute, the special prosecution unit provides legal, financial, and technical assistance upon request to an attorney representing the state for a civil-commitment proceeding. Id. § 841.042. The Special Prosecution Unit filed a combined motion to transfer venue to Montgomery County, plea to the jurisdiction, special exception, and original answer on behalf of the State. The State contended that the jurisdiction of the committing court in Montgomery County was not terminated effective June 17, 2015, that under the SVP statute the committing court retained jurisdiction over Hartshorn's petition for release, that Hartshorn's alternative petition for less restrictive housing and supervision should be filed in the same court statutorily authorized to hear the petition for release, that venue was mandatory in Montgomery County, and that the *323 cause should be transferred to the Montgomery County committing court.
After a hearing, the district court signed an order denying the plea to the jurisdiction and motion to transfer venue and ordering the cause transferred from the 345th District Court of Travis County, the court in which Hartshorn's petitions were filed, to the 331st District Court of Travis County-the court in which he was most recently convicted of a sexually violent offense. The State filed a motion to reconsider, which the court denied in an amended order. The amended order specified that the committing court of Montgomery County "does not have jurisdiction over this proceeding" and that "the 331st District Court of Travis County, Texas has jurisdiction over this proceeding, as it is the court of conviction for [Hartshorn]'s most recent sexually violent offense." The order directed that "this matter is transferred to the 331st District Court of Travis County, Texas for all further proceedings." This appeal followed.
DISCUSSION
In its first and second issues, the TCCO contends that the Montgomery County court that civilly committed Hartshorn as a sexually violent predator retained jurisdiction over his petition for release under Subchapter G of the SVP statute and his petition for less restrictive housing and supervision under Subchapter E of the statute. In its third issue, the TCCO contends that the order transferring Hartshorn's cause to the 331st District Court of Travis County from the 345th District Court of Travis County is void.
Standard of review
A plea to the jurisdiction challenges the court's authority to decide a case. Heckman v. Williamson Cty. , 369 S.W.3d 137, 150 (Tex. 2012) (citing Bland Indep. Sch. Dist. v. Blue , 34 S.W.3d 547, 555 (Tex. 2000) ). The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. Id. (citing Texas Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004) ). Because subject-matter jurisdiction is a question of law, we review de novo a trial court's ruling on a plea to the jurisdiction. Houston Belt & Terminal Ry. Co. v. City of Houston , 487 S.W.3d 154, 160 (Tex. 2016). In assessing a plea to the jurisdiction, we begin by considering the plaintiff's live pleadings and determine whether the facts alleged affirmatively demonstrate that jurisdiction exists. Heckman , 369 S.W.3d at 150 (citing Miranda , 133 S.W.3d at 226 ). We may also consider evidence submitted to negate the existence of jurisdiction, but we need not do so here because the underlying jurisdictional facts are not disputed. See ids="9256802" index="13" url="https://cite.case.law/sw3d/133/217/#p226">id. (citing Bland Indep. Sch. Dist. , 34 S.W.3d at 555 ). We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. Id. (citing Miranda , 133 S.W.3d at 226 ). A plea to the jurisdiction must be granted if the defendant affirmatively negates the existence of the court's jurisdiction. Id.
Resolving the jurisdictional issue in this appeal requires us to construe the SVP statute, which is also an issue of law that we review de novo. See In re Commitment of Black , 522 S.W.3d 2, 5 (Tex. App.-San Antonio 2017, pet. denied) ; In re Lopez , 462 S.W.3d 106, 110 (Tex. App.-Beaumont 2015, pet. denied) ; see also In re Commitment of Decker , No. 11-17-00007-CV, 2017 WL 2869847, at *2, 2017 Tex. App. LEXIS 6082, at *5 (Tex. App.-Eastland June 30, 2017, no pet.) (mem. op.). Our primary objective when construing statutes is to give effect to the Legislature's intent, which we seek first and foremost in the statute's text. Molinet v. Kimbrell , 356 S.W.3d 407, 411 (Tex. 2011)
*324 . Undefined terms in a statute are given their ordinary meaning unless a different or more precise meaning is apparent from the term's use in the context of the statute. Greater Hous. P'ship v. Paxton , 468 S.W.3d 51, 58 (Tex. 2015) ; Molinet , 356 S.W.3d at 411 (concluding that plain meaning of text is best expression of legislative intent, unless different meaning is apparent from context or if plain meaning would lead to absurd results). Where text is clear, text is determinative of legislative intent. Colorado Cty. v. Staff , 510 S.W.3d 435, 444 (Tex. 2017).
Civil-commitment proceedings under SVP statute
A "civil commitment proceeding" is defined by the SVP statute as "a trial or hearing conducted under Subchapter D, F, or G" in chapter 841 of the Health and Safety Code. See Act of May 27, 2007, 80th Leg., R.S., ch. 1219, § 5, 2007 Tex. Gen. Laws 4109, 4110 (codified at Tex. Health & Safety Code § 841.002(3-a) ) (defining "civil commitment proceeding"); In re Wilson , No. 09-16-00243-CV, 2016 WL 5225422, at *2, 2016 Tex. App. LEXIS 10400, at *6 (Tex. App.-Beaumont Sept. 22, 2016, orig. proceeding). Subchapter D concerns the initial determination of a person's status as a sexually violent predator. In re Brown , 501 S.W.3d 116, 118 (Tex. App.-Beaumont 2016, orig. proceeding) ; see Tex. Health & Safety Code §§ 841.061 -.065.[1] Subchapter F concerns the biennial commitment review to determine whether probable cause exists to believe that a person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. In re Brown , 501 S.W.3d at 118 ; see Tex. Health & Safety Code §§ 841.101 -.103. Subchapter G concerns the process for a committed person's petition for release. In re Brown , 501 S.W.3d at 118 ; see Tex. Health & Safety Code §§ 841.121 -.124.
However, Subchapter E proceedings, which include petitions for transfer to less restrictive housing and supervision-one of the petitions that Hartshorn filed below-are not included in the statutory definition of a "civil commitment proceeding." See 2007 Tex. Gen. Laws at 4110 (codified at Tex. Health & Safety Code § 841.002(3-a) ) (defining "civil commitment proceeding"); see also 2015 Tex. Gen. Laws at 2706 (codified at Tex. Health & Safety Code § 841.0834(b) ) (permitting committed person to file petition for transfer to less restrictive housing and supervision); In re Wilson , 2016 WL 5225422, at *2-3, 2016 Tex. App. LEXIS 10400, at *6-7 (noting that proceedings under subchapter E are excluded from narrow definition of "civil commitment proceeding" in chapter 841 of SVP statute).
Initiation of SVP civil-commitment proceedings and retained jurisdiction of committing court
When the SVP statute was enacted (and when Hartshorn was committed in 2010), the Legislature provided that all SVP civil commitment proceedings were initiated in Montgomery County.[2] See Act of May 30, *325 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.041(a), 1999 Tex. Gen. Laws 4122, 4146 (amended 2015) (current version at Tex. Health & Safety Code § 841.041(a) ); In re Commitment of Bohannan , 388 S.W.3d 296, 299 (Tex. 2012) ; In re Commitment of Martinez , No. 09-17-00496-CV, 2018 WL 752095, at *1, 2018 Tex. App. LEXIS 1099, at *1 (Tex. App.-Beaumont Feb. 8, 2018, no pet. h.) (mem. op.). In 2003, the Legislature added subsection 841.082(d) to the SVP statute, extending the duration of the committing court's jurisdiction by providing that "the judge retains jurisdiction over civil-commitment proceedings in subchapters F and G." Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 24, 2003 Tex. Gen. Laws 1505, 1517 (amended 2005) (current version at Tex. Health & Safety Code § 841.082(d) ). The proceedings under "Subchapters F and G" referenced in the retained-jurisdiction provision include biennial reviews of the committed person's status (subchapter F) and the committed person's petitions for release (subchapter G). In re Commitment of Martinez , 2018 WL 752095, at *1, 2018 Tex. App. LEXIS 1099, at *2 ; see Tex. Health & Safety Code §§ 841.101 -.103 (subchapter F), .121-.124 (subchapter G). In 2005, the Legislature amended the retained-jurisdiction provision, replacing "the judge" with "the court":
The court retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F [commitment reviews] and G [petitions for release].
Act of May 23, 2005, 79th Leg., R.S., ch. 850, § 3, 2005 Tex. Gen. Laws 2890, 2892 (codified at Tex. Health & Safety Code § 841.082(d) ); see In re Richards , 395 S.W.3d 905, 907 (Tex. App.-Beaumont 2013, pet. denied) ("After a person is committed under the SVP statute, the trial court retains jurisdiction over the person and the subject matter of the individual's commitment."); In re Commitment of Davis , 291 S.W.3d 124, 127 (Tex. App.-Beaumont 2009, pet. denied) (stating that "the trial court retains jurisdiction over the committed person" under subsection 841.082(d) ). This retained-jurisdiction provision in the SVP statute was not amended between 2005 and Hartshorn's filing in Travis County in 2016.[3]
Retained-jurisdiction provision unchanged in 2015 amendments to SVP statute
When the Legislature amended the SVP statute in 2015, it left unchanged the retained-jurisdiction provision in subsection 841.082(d). Notably, the 2015 amendments affected other subsections of 841.082, including subsection (a), addressing certain requirements that a judge must impose on a person before the judge renders an order committing the person as a sexually violent predator, and subsection (b), addressing the necessary capabilities and reporting requirements for the committed person's tracking service. See Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 13, 2015 Tex. Gen. Laws 2701, 2704-05 (codified at Tex. Health & Safety Code § 841.082(a), (b) ). The 2015 amendments also changed where new civil-commitment *326 proceedings originate, allowing them to be initiated by the attorney representing the State "in the court of conviction for the person's most recent sexually violent offense." Id. § 7, 2015 Tex. Gen. Laws at 2703 (codified at Tex. Health & Safety Code § 841.041(a) ). That amendment made no reference or change to the retained-jurisdiction provision that remained in section 841.082(d) of the SVP statute.
The transition provisions in section 40 of the session law for the 2015 amendments to the SVP statute specify that the legislative changes to civil-commitment proceedings apply prospectively, that the changes do not apply to civil-commitment proceedings that are pending, and that courts with jurisdiction over the committed person must modify any previously imposed civil-commitment requirements that differ from the amended requirements to conform to the changes:
SECTION 40. (a) Except as provided by Subsection (a-1) of this section, the changes in law made by this Act to Chapter 841, Health and Safety Code, apply to a civil commitment proceeding under that chapter that is initiated on or after the effective date of this Act [June 17, 2015], regardless of when the applicable petition for civil commitment was filed.
(a-1) The jurisdiction of a district court, the representation of the state by the civil division of the special prosecution unit, and the representation of a respondent by the Office of State Counsel for Offenders or other court-appointed counsel in any civil commitment trial, any review of a petition for release, or any biennial review under Chapter 841, Health and Safety Code, that is pending on the effective date of this Act remain unaffected by this Act until the conclusion of that proceeding.
(b) If a civil commitment requirement imposed under Chapter 841, Health and Safety Code, before the effective date of this Act differs from any of the civil commitment requirements listed in Section 841.082, Health and Safety Code, as amended by this Act, the applicable court with jurisdiction over the committed person shall, after notice and hearing, modify the requirement imposed as applicable to conform to that section.
Id. § 40, 2015 Tex. Gen. Laws at 2711-12 (referenced in historical notes to chapter 841 of Texas Health & Safety Code).
Relying on these provisions, Hartshorn contends that "Section 40 requires a different interpretation of the language that preceded it," and he persuaded the district court below that the 2015 amendments to the SVP statute allowed him to file in Travis County his unauthorized petition for release and his alternative petition for less restrictive housing and supervision. The foundation of Hartshorn's contention is that the 2015 amendments to the SVP statute "terminated the jurisdiction of the courts of Montgomery County over SVP civil commitment cases in which judgment was render[ed] prior to June 17, 2015." In his view, his filing involved new civil commitment proceedings that were properly filed in Travis County because: (1) it was the county of his most recent conviction for a sexually violent offense, and (2) section 40(a) specifies that changes to the SVP statute-including the amendment allowing the State's attorney to initiate civil-commitment proceedings "in the court of conviction for the person's most recent sexually violent offense"-apply to any civil-commitment proceeding initiated after June 17, 2015. See id. §§ 7, 40, 44, 2015 Tex. Gen. Laws at 2703, 2711-12; see Tex. Health & Safety Code § 841.041(a).
The TCCO contends that the 2015 amendments to the SVP statute did not *327 strip the committing court of jurisdiction over Hartshorn's unauthorized petition for release and his alternative petition for less restrictive housing and supervision. The TCCO asserts that jurisdiction and proper venue remain in Montgomery County, noting the logic of requiring all civil matters under the SVP statute to remain in the committing court, thereby preventing different courts from issuing competing orders as to the same committed person. For the reasons that follow, we agree.
Retained-jurisdiction provision in SVP statute applies to proceedings on petitions for release
In its first issue, the TCCO challenges Hartshorn's filing of his "unauthorized petition for release" in Travis County. Proceedings on petitions for release are subchapter G proceedings that are included in the statutory definition of a "civil commitment proceeding." 2007 Tex. Gen. Laws at 4110 (codified at Tex. Health & Safety Code § 841.002(3-a) ) (defining "civil commitment proceeding"); see also Tex. Health & Safety Code §§ 841.121 -.124 (subchapter G proceedings); In re Brown , 501 S.W.3d at 118. Hartshorn contends that the 2015 amendments "terminated the jurisdiction of the courts of Montgomery County over SVP civil commitment cases in which judgment was render[ed] prior to June 17, 2015," and that the 2015 amendment to subsection 841.041(a)-allowing civil commitment proceedings under the SVP statute to be initiated by the State's attorney "in the court of conviction for the person's most recent sexually violent offense"-also allowed him to file his petition for less restrictive housing and supervision in Travis County, the county of his most recent conviction for a sexually violent offense. See Tex. Health & Safety Code § 841.041(a) ; id. historical note [2015 Tex. Gen. Laws at 2711-12].
However, as we have noted, when the Legislature amended the SVP statute in 2015, it left unchanged the retained-jurisdiction provision in subsection 841.082(d), which provides that the court retains jurisdiction of the case as to a civil commitment proceeding conducted under Subchapter G (petitions for release). We consider the amended and unamended portions of the SVP statute together and read them so that they do not conflict. See S&P Consulting Eng'rs PLLC v. Baker , 334 S.W.3d 390, 394-95 (Tex. App.-Austin 2011, no pet.) (harmonizing amended language of statute with statute's unamended language); Daywood v. Calvert , 478 S.W.2d 152, 157 (Tex. Civ. App.-Austin 1972, writ ref'd n.r.e.) (noting that when only some articles of chapter in statute were amended, amended articles were to be read with unchanged articles as one body of law on subject). Here, the historical note in section 40 addresses only "the changes in law made by this Act to Chapter 841, Health and Safety Code."[4] See 2015 Tex. Gen. Laws at 2711 (historical note) (emphasis added). Because the retained-jurisdiction provision in subsection 841.082(d) was unchanged, section 40 does not apply to it. Thus, contrary to Hartshorn's contention, section 40 does not require "a different interpretation of the language that preceded it."
Under the plain language of the SVP statute in subsection 841.082(d)-which was not amended between 2005 and Hartshorn's filing in Travis County in 2016-the court that civilly committed Hartshorn in 2010 retained jurisdiction over his subchapter G unauthorized petition for release.
*328 See 2005 Tex. Gen. Laws at 2892 (codified at Tex. Health & Safety Code § 841.082(d) ); Colorado Cty. , 510 S.W.3d at 444 (concluding that where text is clear, text is determinative of legislative intent); Molinet , 356 S.W.3d at 411 (concluding that plain meaning of text is best expression of legislative intent); In re Commitment of Richards , 202 S.W.3d 779, 783 (Tex. App.-Beaumont 2006, pet. denied) (concluding that "[w]ith respect to Chapter 841 proceedings, the district court retains jurisdiction over commitment reviews and petitions for release" under subsection 841.082(d) ); see also In re Commitment of Martinez , 2018 WL 752095, at *1-2, 2018 Tex. App. LEXIS 1099, at *2-3 (stating that under subsection 841.082(d), Montgomery County court retained jurisdiction over biennial review proceedings in subchapter G); Brooks v. State , No. 14-12-00596-CR, 2013 WL 4028363, at *4, 2013 Tex. App. LEXIS 9882, at *10-11 (Tex. App.-Houston [14th Dist.] Aug. 8, 2013, no pet.) (mem. op., not designated for publication) (noting that under subsection 841.082(d), Montgomery County retained jurisdiction of case as to civil commitment proceedings conducted under Subchapters F and G). We sustain the TCCO's first issue.
Definition of "civil commitment proceeding" unchanged in 2015 amendments to SVP statute
In its second issue, the TCCO challenges Hartshorn's filing in Travis County of a petition for less restrictive housing and supervision. Hartshorn contends that because the Legislature did not restrict where petitions for less restrictive housing and supervision may be filed, they are "new lawsuits [that] can be filed in any district court." Hartshorn incorporates by reference his arguments on the TCCO's first issue and contends that "for the same reasons that Travis County District Courts have jurisdiction over [his] Unauthorized Petition for Release, they have jurisdiction over his Petition for Less Restrictive Housing." To recap, his interpretation is that the 2015 amendments "terminated the jurisdiction of the courts of Montgomery County over SVP civil commitment cases in which judgment was render[ed] prior to June 17, 2015," and that the 2015 amendment to subsection 841.041(a)-allowing civil commitment proceedings under the SVP statute to be initiated by the State's attorney "in the court of conviction for the person's most recent sexually violent offense"-also allowed him to file his petition for less restrictive housing and supervision in Travis County, the county of his most recent conviction for a sexually violent offense. See Tex. Health & Safety Code § 841.041(a) ; id. historical note [2015 Tex. Gen. Laws at 2711-12].
However, Subchapter E proceedings, such as those on petitions for less restrictive housing and supervision, are not included in the statutory definition of a "civil commitment proceeding" under the SVP statute. See 2007 Tex. Gen. Laws at 4110 (codified at Tex. Health & Safety Code § 841.002(3-a) ) (defining "civil commitment proceeding"); see also Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 16, sec. 841.0834(b), 2015 Tex. Gen. Laws 2701, 2706 (codified at Tex. Health & Safety Code § 841.0834(b) ) (allowing petitions for less restrictive housing and supervision). Under the SVP statute, a "civil commitment proceeding" is limited to "a trial or hearing conducted under Subchapter D, F, or G." See 2007 Tex. Gen. Laws at 4110 (codified at Tex. Health & Safety Code § 841.002(3-a) ). Thus, the 2015 amendment to subsection 841.041(a)-which applies to a "civil commitment proceeding" under the SVP statute and allows such proceeding to be initiated by the State's attorney in the court of conviction for the person's most recent sexually violent offense-has *329 no effect on Hartshorn's subchapter E petition for less restrictive housing and supervision because it does not implicate a "civil commitment proceeding." That amendment did not justify Hartshorn's filing in Travis County.
Hartshorn contends that the SVP statute does not identify the court for his filing, and that the "ambiguity" is compounded by this excerpt from subsection 841.023(b): "[T]he [Texas D]epartment [of Criminal Justice] shall give notice ... to the attorney representing the state for the county in which the person was most recently convicted of a sexually violent offense." See Tex. Health & Safety Code § 841.023(b). That provision in subchapter B concerns the TDCJ's initial assessment of a person for a behavioral abnormality and referral to the State's attorney for possible filing of a petition alleging predator status. See Tex. Health & Safety Code §§ 841.023(b), .041(a). Plainly under the SVP statute, there is no court of competing jurisdiction for a person who has never been adjudicated as a sexually violent predator, and subsection 841.023(b) cannot create "ambiguity" by saying nothing about the proper court for the post-adjudication filing of a subchapter E petition for less restrictive housing and supervision.
Additionally, although subsection 841.0834(b) itself does not identify "the court" for filing a subchapter E petition seeking less restrictive housing and supervision by a person who was adjudicated as a sexually violent predator and civilly committed before the 2015 amendments to the SVP statute, the context of subchapter E is instructive. See City of Waco v. Kelley , 309 S.W.3d 536, 546 (Tex. 2010) (stating that statute had to be construed in context with remainder of subchapter). References to "the court" and "the judge" in preceding subsections of subchapter E are to the court and judge that initially committed the person, imposed requirements on him, and retains jurisdiction over civil commitment proceedings under subchapters F and G. See 2015 Tex. Gen. Laws at 2704 (codified at Tex. Health & Safety Code §§ 841.081(a) (authorizing judge to civilly commit person found to be sexually violent predator), 841.082(a) (setting forth civil-commitment requirements to be imposed by judge) ); 2005 Tex. Gen. Laws at 2892 (codified at Tex. Health & Safety Code § 841.082(d) (providing that committing court retains jurisdiction over biennial reviews of committed person's status under subchapter F and over committed person's petitions for release under subchapter G) ); 2003 Tex. Gen. Laws at 1517 (codified at Tex. Health & Safety Code § 841.082(c) ) (requiring judge to provide person with copy of civil-commitment requirements).
Modification of requirements on housing and supervision is matter for committing court
Further, by his petition for less restrictive housing and supervision, Hartshorn sought modification of his civil-commitment requirements, and such modifications are a matter for the committing court under subchapter E. See In re Commitment of Davis , 291 S.W.3d at 127 (noting that commitment requirements may be modified by committing court). Restrictions on housing and supervision are included among the disabilities imposed on civilly committed persons under the SVP statute. In re Commitment of Fisher , 164 S.W.3d 637, 648 (Tex. 2005) (noting that disabilities imposed on civilly committed persons under SVP statute include requirements for person to reside at particular location, to remain within Texas, to be fitted with satellite-monitoring equipment, and to comply with "a host of restrictions on his activities"). Hartshorn specifically prayed to be "discharged from the disabilities imposed upon him by the Judgment *330 and Order of Commitment," contending that it was in his best interest to live in less restrictive housing than what he is currently provided and that conditions can be imposed upon him that adequately protect the community. These proposed changes require modification of the commitment requirements set forth in Hartshorn's amended order of civil commitment.
Both subsection 841.082(e) of the SVP statute-concerning modification of a person's civil-commitment requirements-and subsection 841.0834(b)-concerning petitions for less restrictive housing and supervision-are located in subchapter E of the SVP statute. In subsection 841.082(e), the Legislature provided that the civil-commitment requirements imposed on a person "may be modified at any time after notice to each affected party to the proceedings and a hearing." 2003 Tex. Gen. Laws at 1517 (codified at Tex. Health & Safety Code § 841.082(e) ). The text of this provision on modifications in 841.082(e) incorporates by reference the list of civil-commitment requirements in 841.082(a), which are imposed by the judge that rendered the civil commitment order. Id. (referring to "requirements imposed under Subsection [841.082](a)"). The civil-commitment requirements listed in subsection 841.082(a) as of 2015 are the restrictions that "the judge shall impose on the person ... to ensure the person's compliance with treatment and supervision and to protect the community." 2015 Tex. Gen. Laws at 2704 (codified at Tex. Health & Safety Code § 841.082(a) ). Hartshorn's petition for less restrictive housing and supervision alludes to the statutory language on modifications by pleading that "conditions can be imposed upon [him] that adequately protect the community."
Subsection 841.082(e) of the SVP statute concerning modification of a person's civil-commitment requirements was not amended between its enactment and Hartshorn's filing in Travis County in 2016.[5] We note that the committing court has already signed one order modifying Hartshorn's civil-commitment requirements on September 14, 2015, conforming the requirements of Hartshorn's civil commitment to the amended civil-commitment requirements in the 2015 legislation. See 2015 Tex. Gen. Laws at 2712 (historical note).
Given the statutory context of subchapter E, we conclude that Hartshorn's 2016 petition for transfer to less restrictive housing and supervision under subsection 841.0834(b) should have been filed in the Montgomery County court that civilly committed him as a sexually violent predator in 2010. See Kelley , 309 S.W.3d at 546 (construing statute in context with remainder of subchapter). Requiring Hartshorn's petition under the SVP statute to remain in the committing court of Montgomery County is an interpretation of the legislation that is logical, prevents different courts from issuing competing orders as to the same committed person, and maintains continuity of oversight by the court that has conducted biennial reviews of Hartshorn's commitment, most recently on June 30, 2017. We sustain the TCCO's second issue.
Order transferring Hartshorn's cause to Travis County is void
In its third issue, the TCCO contends that the order transferring Hartshorn's cause to the 331st District *331 Court of Travis County from the 345th District Court of Travis County is void. A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." PNS Stores, Inc. v. Rivera , 379 S.W.3d 267, 272 (Tex. 2012) ; Brazos River Conservation & Reclamation Dist. v. Reese , 146 S.W.2d 519, 523 (Tex. Civ. App.-Eastland 1940, no writ) (noting that although district court is one of general jurisdiction, "when a statute confers a special jurisdiction on another court, that deprives the district court of its general jurisdiction over the subject-matter").
The plea to the jurisdiction filed below contended that the Travis County district court lacked jurisdiction over Hartshorn's cause because the committing court retained jurisdiction under the SVP statute. We have sustained the TCCO's first two issues, concluding that the committing court in Montgomery County did not lose jurisdiction over Hartshorn's cause on June 17, 2015, as a result of the amendments to the SVP statute and thus, that the plea to the jurisdiction was wrongfully denied. Because the 345th District Court of Travis County lacked jurisdiction over Hartshorn's petitions that should have been filed in Montgomery County, the 345th District Court's order transferring Hartshorn's cause to the 331st District Court of Travis County is void. See Rivera , 379 S.W.3d at 272. We sustain the TCCO's third issue.
CONCLUSION
We reverse the district court's March 3, 2017 amended order denying the plea to the jurisdiction, render judgment granting the plea, and dismiss Hartshorn's "Unauthorized Petition for Release and in the alternative, Petition for Less Restrictive Housing and Supervision."

We cite to the current version of the SVP statute here because the classification of these subchapters has remained unchanged since the statute's enactment.

Because the SVP statute required these matters to be initiated in Montgomery County, the Beaumont Court of Appeals decided most appeals involving SVP civil-commitment proceedings, and transferred cases were decided in accordance with that court's precedent. See In re Commitment of Decker , No. 11-17-00007-CV, 2017 WL 2869847, at *2, 2017 Tex. App. LEXIS 6082, at *5 (Tex. App.-Eastland June 30, 2017, no pet.) (mem. op.) (citing In re Commitment of Stuteville , 463 S.W.3d 543, 557 (Tex. App.-Houston [1st Dist.] 2015, pet. denied) (noting that court was bound by legal precedent from Beaumont Court of Appeals in cases involving SVP statute) ).

In 2017, the Legislature amended the retained-jurisdiction statute in subsection 841.082(d) to provide, "The committing court retains jurisdiction of the case with respect to a proceeding conducted under this subchapter, other than a criminal proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G." Act of May 4, 2017, 85th Leg., R.S., ch. 34, § 16, 2017 Tex. Gen. Laws 72, 78 (codified at Tex. Health & Safety Code § 841.082(d) ) (emphasis added).

Section 40 also had an exception for civil-commitment proceedings that were pending. Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 40(a)-(a-1), 2015 Tex. Gen. Laws 2701, 2711-12.

In 2017, the Legislature amended subsection 841.082(e) to provide that the civil-commitment requirements "may be modified by the committing court at any time after notice to each affected party to the proceedings and a hearing." Act of May 4, 2017, 85th Leg., R.S., ch. 34, § 16, 2017 Tex. Gen. Laws 72, 78 (codified at Tex. Health & Safety Code § 841.082(e) ) (emphasis added).