

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00228-CV

---

BERTIS CUPIT, APPELLANT

V.

TEXAS CIVIL COMMITMENT OFFICE AND THE CITY OF LITTLEFIELD, APPELLEES

---

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV 19-754-17, Honorable Felix Klein, Presiding

---

November 16, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Bertis Cupit appeals from an order dismissing his suit against the Texas Civil Commitment Office (Office), Correct Care Recovery Solutions d/b/a Texas Civil Commitment Center (Center), and the City of Littlefield, Texas, for want of jurisdiction. We affirm.

The record indicates that a jury found Cupit "a sexually violent predator as defined in Texas Health & Safety Code § 841.003." He had been tried in the 435th Judicial District Court, Montgomery County, Texas, and a judgment manifesting the jury's finding was

entered by the judge of said district court on January 15, 2013. Per that judgment, the trial court ordered that Cupit be "civilly committed as [a sexually violent predator] in accordance with Texas Health & Safety Code § 841.081 for outpatient treatment and supervision." By separate order signed on the same day, the trial court also ordered that Cupit "reside in supervised housing at a Texas residential facility under contract with the [Texas Civil Commitment Office] or at another location or facility approved by the Office[.]" The facility in which he currently is placed is the Center located in Lamb County, Texas.

Cupit sued the Office, Center, and City, contending that they had breached a contract with him. The purported contract was the January 15, 2013 judgment ordering that he be committed for "outpatient treatment." The relief he sought for the alleged breach was his return "to his county of criminal conviction, Polk County, to resume treatment there in 'true outpatient' form" and $5,000,000 in punitive damages.

The Center filed a plea to the jurisdiction of the trial court apparently on behalf of all the defendants. It contended that the 435th Judicial District Court in Montgomery County had continuing jurisdiction over the suit since Cupit was questioning his assignment to the Center in Lamb County. Thus, the 154th Judicial District Court in Lamb County lacked subject matter jurisdiction to proceed, according to the Center. The trial court agreed and dismissed the action without prejudice to Cupit initiating it in the 435th Judicial District Court. Cupit believes that the trial court erred in doing so, especially when he was denied prior notice of the court's intent to dismiss. We disagree.

Whether a trial court has subject-matter jurisdiction over a suit is a question of law. *Tex. Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Consequently, we review a decision holding that it did or did not under the *de novo* standard of review.

2

*Id.*; *Lubbock-Crosby Cty. Cmty. Supervision & Corr. Dept. v. Lance*, No. 07-14-00222-CV, 2014 Tex. App. LEXIS 13736, at *7 (Tex. App.—Amarillo Dec. 22, 2014, no pet.) (mem. op.). Furthermore, in assessing whether such jurisdiction actually exists, we consider the plaintiff's pleadings and factual allegations therein and any evidence pertinent to the question. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Lubbock-Crosby Cty. Cmty. Supervision*, 2014 Tex. App. LEXIS 13736, at *7. So too must we accept as true those factual allegations. *In re Nurses License of Nichols*, No. 07-17-00236-CV, 2018 Tex. App. LEXIS 4421, at *2 (Tex. App.—Amarillo June 18, 2018, no pet.) (mem. op.). Indeed, the plaintiff has the burden to allege facts which affirmatively show the existence of subject-matter jurisdiction. *Id.*

Next, § 841.082 of the Texas Health and Safety Code provides that the court that civilly committed someone as a sexually violent predator "retains jurisdiction of the case with respect to a proceeding conducted under . . . subchapter [E of the statute], other than a criminal proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G."[1] TEX. HEALTH & SAFETY CODE ANN. § 841.082(d) (West Supp. 2018). Falling within this provision are requests by the committed person for less restrictive housing and supervision. *See Tex. Civ. Commitment Office v. Hartshorn*, 550 S.W.3d 319, 329–30 (Tex. App.—Austin 2018, no

---

[1] Subchapter E encompasses a trial conducted under Subchapter D of the statute resulting in a determination that the person is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081(a) (West 2017) (stating that "[i]f at a trial conducted under Subchapter D the judge or jury determines that the person is a sexually violent predator, the judge shall commit the person for treatment and supervision to be coordinated by the office"). Subchapters F and G concern reviewing the person's continued commitment, *id.* § 841.101(a) (stating that "[a] person committed under Section 841.081 shall receive a biennial examination"), and a petition for release, respectively. *Id.* § 841.121(a) (stating that "[i]f the office determines that the committed person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, the office shall authorize the person to petition the court for release").

pet.); *see also In re Commitment of Davis*, 291 S.W.3d 124, 127 (Tex. App.—Beaumont 2009, pet. denied) (acknowledging that the trial court that originally committed the person retains jurisdiction and the power to modify the commitment requirements at any time).

Long ago, we were directed to look at the substance of a pleading, as opposed to its label, to determine the nature of the pleading and relief sought. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam) (reiterating the rule). Following that directive here, we perused Cupit's live pleading. So too did we review the "supplemental brief" he filed shortly thereafter. Through the latter, he confirms that he "is not contesting his conviction, but he is contesting the impairment of the way his contract is being carried out." Again, that "contract" is the January 15, 2013 judgment both committing him and ordering that he undergo "outpatient treatment." Instead of being afforded "outpatient treatment," he is confined within the Center, according to the allegations in his live pleading. He wants to be removed from the Center in Lamb County, returned to Polk County, and receive outpatient treatment there. Such relief is comparable to asking for less restrictive housing and supervision. Thus, the substance of his complaint falls within § 841.082(d) of the Health and Safety Code and the continuing jurisdiction of the 435th Judicial District Court. The latter court having continuing jurisdiction over the nature of Cupit's dispute, the 154th Judicial District Court had no jurisdiction to adjudicate it. *See Hartshorn*, 550 S.W.3d at 331 (concluding that because the committing court in Montgomery County did not lose jurisdiction over Hartshorn's cause, the Travis County district court lacked jurisdiction over it, and the plea to its jurisdiction should have been granted). Thus, it did not err in granting the Center's plea to the jurisdiction and dismissing, without prejudice, the entire cause.

In reaching the foregoing conclusion, we do not ignore Cupit's allegation that he should have been granted notice of the trial court's intent to dismiss. Yet, such notice and an opportunity to respond is not necessarily required. Unlike a dismissal for want of prosecution, *see* TEX. R. CIV. P. 165a(1) (requiring prior notice of the trial court's intent to dismiss for want of prosecution), notice requirements for a plea to the jurisdiction are left to the trial court's discretion. *See Collard v. State*, No. 05-11-01508-CV, 2012 Tex. App. LEXIS 7287, at *2–3 (Tex. App.—Dallas Aug. 29, 2012, no pet.) (mem. op.). If the plaintiff's pleadings affirmatively negate subject-matter jurisdiction, it is irrelevant whether the plaintiff was given notice before the trial court ruled. *Id.*; *Mann v. Gabriel*, No. 11-10-00265-CV, 2012 Tex. App. LEXIS 5569, at *5–6 (Tex. App.—Eastland July 12, 2012, no pet.) (per curiam) (mem. op.); *Martinez v. State*, No. 13-10-00076-CV, 2011 Tex. App. LEXIS 1809, at *6–8 (Tex. App.—Corpus Christi Mar. 10, 2011, no pet.) (mem. op.). So, unless the plaintiff shows that notice could have affected the decision, withholding notice is not reversible error. *See Collard*, 2012 Tex. App. LEXIS 7287, at *3 (concluding that, "absent some showing that notice could have affected the trial court's ruling, th[e] point presents nothing to review").

Below and before us, Cupit consistently likened his suit to one for a breach of contract due to his commitment to the Center in Lamb County. He has consistently sought his return to Polk County to undergo outpatient treatment. The factual allegations in his pleadings and briefs show nothing more than effort to alter the circumstances of his commitment by securing less restrictive housing and treatment. Nothing suggests that the actual substance of his complaint would have changed if he had been afforded notice of the trial court's intent to dismiss. Indeed, he still contends, via his appellate brief, that

he should be receiving outpatient rather than inpatient treatment per the January 15th judgment; this is so despite the accompanying order from the same court directing that he "reside in supervised housing at a Texas residential facility under contract with the 'Office' or at another location or facility approved by the Office."

Simply put, a multi-ton animal with large flapping ears, two tusks, and a long trunk used to grasp items is an elephant even though one may call it an iguana. Cupit may call his suit one for breached contract, but the factual allegations in his pleadings and accompanying writings coupled with the relief he has consistently sought throughout the proceeding affirmatively illustrate an attempt to secure relief within the continuing jurisdiction of the 435th Judicial District Court. Affording a plaintiff prior notice of a trial court's intent to dismiss due to the clear absence of subject-matter jurisdiction may be a laudable avenue to pursue, even though it may result in some delay in the ultimate disposition of the suit. On the other hand, some may ask, "Why prolong the obvious?" Sometimes, though, the sense of having been afforded a chance to speak may carry sway. Nevertheless, Cupit's pleadings, attachments thereto, and consistent argument reveal that the 154th Judicial District Court lacked subject-matter jurisdiction over his complaint. It fell within the continuing jurisdiction of another court. So, denying Cupit prior notice of an intent to dismiss is not reversible error.

We overrule appellant's issues and affirm the trial court's judgment.


Brian Quinn
Chief Justice


6