**Affirmed and Opinion filed May 30, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00604-CV

## IN RE THE COMMITMENT OF SETH HILL

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-67123**

## O P I N I O N

Appellant Seth Hill appeals the trial court's dismissal of his petition seeking less restrictive housing and supervision for lack of subject matter jurisdiction. Because the trial court did not have jurisdiction to consider Hill's petition, we affirm the trial court's dismissal order.

### BACKGROUND

In 2011, Hill was civilly committed as a sexually violent predator in the

435th District Court of Montgomery County, Texas.[1]  Hill was originally ordered into outpatient treatment and supervision upon his release from prison.  In 2015, as a result of the state legislature changing the Civil Commitment of Sexually Violent Predators (SVP) statute, Hill was committed to the tiered treatment program.  As a result of that commitment, Hill was removed from outpatient treatment and transferred to an inpatient treatment program, which included confinement in a facility located in Littlefield, Texas.  In early 2016, the 435th District Court conducted the statutorily-required biennial review of Hill's civil commitment.  The court ordered that Hill remain civilly committed.

Several months later, Hill filed a petition seeking "less restrictive housing and supervision" as allowed by section 841.0834(b) of the SVP statute.  *See* Tex. Health & Safety Code § 841.0834(b) ("Without the office's approval, a committed person may file a petition with the court for transfer to less restrictive housing and supervision . . . .").  Hill did not file his petition in the 435th District Court, but rather in Harris County.  The State of Texas filed a plea to the jurisdiction contending that the Harris County district court did not have jurisdiction because "the 435th Judicial District Court—has continuing, exclusive jurisdiction over [Hill's] cause of action."  The Harris County trial court granted the State's plea and dismissed Hill's petition.  This appeal followed.

## ANALYSIS

In his first issue on appeal, Hill argues that the Texas Legislature's 2015 amendments to the SVP statute, effective June 17, 2015, "stripped the 435th District Court of jurisdiction over [his] Health and Safety Code Chapter 841 civil commitment."  Hill concludes his first issue by asserting that after the legislature stripped exclusive jurisdiction over civil commitment proceedings away from the

---

[1] Hill was convicted of two sexually violent offenses in 1991 in Harris County, Texas.

435th District Court, it "provided no instruction with respect to where persons committed prior to September 1, 2017 will have their new post-commitment issues resolved." Hill attempts to provide an answer to that question in his second issue. Hill asserts that because the SVP statute no longer conferred exclusive jurisdiction over petitions for less restrictive housing and supervision on any particular court, Harris County district courts, the county where his most recent conviction for a sexually violent offense occurred, have subject matter jurisdiction over his petition. We address these issues together.

The Third Court of Appeals recently decided a similar case in *Texas Civil Commitment Office v. Hartshorn*, 550 S.W.3d 319 (Tex. App.—Austin 2018, no pet.). Hartshorn was civilly committed as a sexually violent predator in an order signed by the 435th District Court in Montgomery County. *Id.* at 322. In 2016, Hartshorn filed an "Unauthorized Petition for Release and in the alternative, Petition for Less Restrictive Housing and Supervision" in Travis County. *Id.* In his petition, Hartshorn "alleged that the jurisdiction of the committing court [the 435th District Court in Montgomery County] had terminated June 17, 2015, with the amendment of the SVP statute and that 'the Legislature intended for the courts of the county where [Hartshorn]'s most recent conviction for a sexually violent offense occurred [ ] to be the venue for future civil commitment proceedings.'" *Id.* (quoting Hartshorn's petition). Hartshorn went on to allege "that because Travis County was the county of his most recent conviction for a sexually violent offense, his petition for release and petition for less restrictive housing and supervision should be filed there." *Id.* The State of Texas filed a plea to the jurisdiction, which the trial court denied.

On appeal, the Third Court rejected Hartshorn's arguments, reversed the trial court's denial of the plea to the jurisdiction, and dismissed Hartshorn's petitions.

3

With respect to Hartshorn's petition for less restrictive housing and supervision, the court observed that "Subchapter E proceedings, such as those on petitions for less restrictive housing and supervision, are not included in the statutory definition of a 'civil commitment proceeding' under the SVP statute." *Id.* at 328. The court then held that the 2015 SVP statute amendments allowing a civil commitment proceeding to be initiated by the State of Texas "in the court of conviction for the person's most recent sexually violent offense—has no effect on Hartshorn's subchapter E petition for less restrictive housing and supervision because it does not implicate a 'civil commitment proceeding.' That amendment did not justify Hartshorn's filing in Travis County." *Id.* at 328–29.

The court then turned to Hartshorn's contention that because "the SVP statute does not identify the court for his filing" of a petition for less restrictive housing and supervision, he could file it in Travis County, the county of his most recent conviction for a sexually violent offense. *Id.* at 329. In addressing Hartshorn's argument, the court observed that "the context of subchapter E is instructive." *Id.* It continued that '[r]eferences to 'the court' and 'the judge' in preceding subsections of subchapter E are to the court and judge that initially committed the person, imposed requirements on him, and retains jurisdiction over civil commitment proceedings under subchapters F and G." *Id.* The court reasoned that because Hartshorn's petition "sought modification of his civil-commitment requirements, and such modifications are a matter for the committing court under subchapter E." *Id.* Because Subchapter E proceedings are not included in the definition of a civil commitment proceeding, and Hartshorn was seeking relief under Subchapter E, the court found no conflict regarding jurisdiction in the statutory amendments. The court concluded its analysis with the following:

4

[g]iven the statutory context of subchapter E, we conclude that Hartshorn's 2016 petition for transfer to less restrictive housing and supervision under section 841.0834(b) should have been filed in the Montgomery County court that civilly committed him as a sexually violent predator in 2010. Requiring Hartshorn's petition under the SVP statute to remain in the committing court of Montgomery County is an interpretation of the legislation that is logical, prevents different courts from issuing competing orders as to the same committed person, and maintains continuity of oversight by the court that has conducted biennial reviews of Hartshorn's commitment, most recently on June 30, 2017.

*Id.* at 330 (internal citations omitted).

We find the Third Court of Appeals' analysis of this issue persuasive and adopt it here with respect to Hill's arguments on appeal. We therefore overrule Hill's first and second issues. Because we have determined that the 2015 amendments to the SVP statute did not impact the 435th District Court's exclusive jurisdiction over matters related to Hill's civil commitment, we need not address his third issue in which he asserts that the 2017 legislative amendments to the SVP statute did not restore exclusive jurisdiction over his civil commitment to the 435th District Court because the changes were not retroactive. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having overruled all of Hill's issues, we affirm the trial court's order dismissing Hill's petition for lack of subject matter jurisdiction.


/s/     Jerry Zimmerer
        Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant

5