**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00262-CV**

_____

**IN RE LONNIE KADE WELSH**

_____

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 15-01-00659**

_____

**MEMORANDUM OPINION**

In a mandamus petition, Lonnie Kade Welsh complains that the trial court failed to rule on Welsh's Petition for Movement Between Programming Tiers. *See* Tex. Health & Safety Code Ann. § 841.0834(b).[1] We deny mandamus relief. *See* Tex. R. App. P. 52.8(a).

---

[1]Welsh failed to identify the Real Party in Interest and its counsel of record in his petition. *See* Tex. R. App. P. 52.3(a). Additionally, he failed to certify that he served a copy of the petition on the Real Party in Interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

1

Welsh is subject to a civil commitment order under Chapter 841 of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. §§ 841.001-.153 (the "SVP Act"). The SVP Act established a tiered program administered by the Texas Civil Commitment Office ("TCCO") for the long-term treatment of persons who have been civilly committed as sexually violent predators. *See id.* As the committing court, the 435th District Court retains subject matter jurisdiction over a petition to modify the civil commitment order under Subchapter E of the SVP Act. *See Tex. Civil Commitment Office v. Hartshorn*, 550 S.W.3d 319, 329-30 (Tex. App.—Austin 2018, no pet.). Subchapter E of the SVP Act provides for movement between programming tiers. *See* Tex. Health & Safety Code Ann. § 841.0834. Section 841.0834(b) states:

> Without the office's approval, a committed person may file a petition with the court for transfer to less restrictive housing and supervision. The court shall grant the transfer if the court determines that the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community. A committed person who files a petition under this subsection shall serve a copy of the petition on the office.

Tex. Health & Safety Code Ann. § 841.0834(b).

Generally, a trial court has a ministerial duty to rule on a party's properly filed motion within a reasonable time after the motion is submitted to the trial court or after the party's request for a ruling. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). In this case, however, Welsh

2

has not shown that the trial court has failed to properly exercise its ministerial duty to rule on Welsh's petition for movement between treatment tiers.

Welsh filed his petition with the trial court on May 2, 2022. He certified that he mailed a copy of the petition to an Amarillo address for the Special Prosecution Unit ("SPU") and to the Director of the TCCO. On the same day he filed a notice to the trial court that Welsh had filed a motion that required a ruling or a hearing. In this Court, Welsh has neither shown that the State, acting through the SPU or the TCCO, filed a response to his petition, nor that Welsh proved to the trial court that the State had been properly served with the petition but had failed to file a timely response. Welsh also provides no argument explaining why the elapsed time of slightly over three months between the filing of the petition for movement between tiers and the filing of the mandamus petition is unreasonably long. *See In re Ridley*, No. 03-22-00259-CV, 2022 WL 1492528, at *1 (Tex. App.—Austin May 12, 2022, orig. proceeding) (mem. op.) (a delay of less than three months is not unreasonable).

When Welsh filed his petition with the district court the civil commitment case was on appeal from an order denying Welsh's unauthorized petition for release from the civil commitment order. *See In re Commitment of Welsh*, ___ S.W.3d ___, No. 09-21-00303-CV, 2022 WL 2975688 (Tex. App.—Beaumont July 28, 2022, no pet. h.) (not yet reported). This Court recently dismissed the appeal for lack of appellate jurisdiction, but our mandate has not issued. *See id*. The trial court could

3

reasonably wait for the outcome of the appeal that could result in Welsh's release from the civil commitment order before considering whether to grant Welsh's request for a transfer between treatment tiers.

We deny the petition for a writ of mandamus because the relator failed to establish an abuse of discretion by the trial court.

PETITION DENIED.

PER CURIAM

Submitted on August 24, 2022
Opinion Delivered August 25, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

4